213 F.2d 466
 PENNSYLVANIA R. CO.
v.
NATIONAL TEXTILE & MFG. CO., Inc.
 No. 119.
 Docket 22807.
 United States Court of Appeals Second Circuit.
 Argued April 6, 1954.
 Decided June 2, 1954.
 
 The plaintiff sued for freight and storage charges on two shipments of goods from points in Georgia to New York City. The pre-trial order shows that defendant stipulated it was the owner and consignee of the goods. At the trial, defendant's president testified that, on behalf of defendant, he had bought the goods in Georgia from the United States Army, had paid for them, and had told the Army officers from whom defendant had there bought the goods, to ship them to defendant at its address in New York City.[1] The bills of lading, signed by Army officers, named defendant as consignee and stated that address; they described the goods as haversacks. When notified by plaintiff of their arrival at New York City, defendant had refused to accept them at the rates for haversacks. But defendant had offered to accept them and pay the very substantially lower freight charges if classified as "scrap." The plaintiff rejected this offer. Subsequently, defendant's lawyer wrote plaintiff a letter which stated: "In view of the fact that these haversacks were purchased by my client as scrap and because he feels that any other rating or classification other than a scrap classification is unwarranted and unjustified, he has refused acceptance of the shipment on the basis of paying freight charges for the same with the classification as haversack and not as scrap." On due notice to defendant, plaintiff sold the goods and applied the proceeds in reduction of the freight and storage charges.
 The issues formulated in the pre-trial order were as follows: "(1) Was the defendant justified in refusing to accept the goods tendered and classified as haversacks? (2) Were the goods properly classified as haversacks or were they in fact scrap? (3) Did plaintiff dispose of these goods within a reasonable time after a refusal to accept by the plaintiff? (4) If so, was defendant damaged thereby and to what amount?" These issues were left to the jury in a charge to which defendant took no exception. The jury returned a verdict for plaintiff. Defendant appeals from the judgment entered on the verdict.[2]
 Conboy, Hewitt, O'Brien & Boardman, New York City (F. Sherwood Alexander, New York City, of counsel), for plaintiff-appellee.
 Irving Rodin, New York City, for defendant-appellant.
 Before CHASE, Chief Judge, and SWAN and FRANK, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 We see no merit in this appeal. The evidence amply supports the verdict. The pre-trial stipulation and the testimony of defendant's president fully answer defendant's argument that defendant did not authorize the army officers to act as defendant's agents in shipping the goods to defendant at its New York address. Moreover, the letter from defendant's lawyer to plaintiff shows that defendant did not refuse to pay the demanded charges on the ground that the shipments were not authorized by defendant but solely because of the asserted error in the classification. As defendant made no effort to prove the contents of the sales contract, it is in no position to assert that the contract obligated the army to pay the freight charges; nor did defendant's president, in his testimony, so much as whisper that the contract so provided.
 
 
 2
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The trial judge showed the bills of lading to this witness, and the following coloquy occurred:
 "The Court: These are the shipping bills, and on the shipping bills, as I understand it, the information as to the consignee was obtained from the purchaser, and is from you, wasn't it?
 "The Witness: We paid for those goods. They shipped it themselves.
 "The Court: You bought them?
 "The Witness: National Textile bought them.
 "The Court: National Textile?
 "The Witness: Yes.
 "The Court: And you gave them your address as to where to ship them to?
 "The Witness: That is right."
 
 
 [2]
 Defendant had pleaded a counterclaim which the judge dismissed. On this appeal, defendant does not assert any error in this respect